1835.

Reynolds
v.
Reynolds.

---

## REYNOLDS *vs.* REYNOLDS.

Where a partition suit abates by the death of one of the tenants in common, after the appointment of commissioners to make the partition, the suit must be revived, and the rights of the new parties in the premises ascertained, before the commissioners can proceed with the partition, or make a report that a sale is necessary.

An order for sale cannot be made upon the report of commissioners that a sale is necessary, after a master has reported that the premises are so situated that an actual partition can be made without prejudice to the interest of the parties. But if the situation of the property or the rights of the parties therein have materially changed since the report of the master, there should be a special application to the court for a new reference, to ascertain whether a partition can still be made.

Where a partition suit abates, and new parties are brought before the court upon the revival of the suit, a new reference will be necessary to ascertain their rights, before a sale can be decreed.

If lands descend to a son, charged with the right of dower of his mother, which is afterwards decreed to her, and he then dies in her lifetime, his widow is only entitled to dower in two-thirds of the premises.

PREVIOUS to the adoption of the revised statutes, Mary Reynolds, the widow of B. Reynolds, deceased, who was entitled to dower in his real estate, and also to one eighth of the entire estate by purchase from one of the heirs, filed her bill for a partition of the estate and for an assignment of her dower. And in April, 1829, upon the report of a master that the premises could be divided, a decree for partition of the estate and for the assignment of the dower of the complainant was made; and commissioners were appointed for that purpose. In December, 1829, and before any thing further was done in

April 7.

the suit, one of the defendants died intestate, leaving a widow, who was delivered of a posthumous child a few months afterwards. In 1831, another of the defendants died intestate, leaving a widow and one child. And shortly afterwards, Mary Reynolds, the sole complainant, died intestate, leaving the surviving defendants, the two children of the deceased defendants, and Polly Nolton, the wife of J. Nolton, her heirs at law. A bill of revivor and supplement was thereupon filed by H. N. Reynolds, one of the original defendants, and by Nolton and wife, against the other surviving defendants, and against the widows and children of the two that had died, to revive the suit; and to have a partition of the premises made, according to the rights of the parties as they then existed. Before the answers to this bill were put in, the commissioners appointed in the original suit reported that it was for the interest of all the parties that the premises should be sold, and that no partition thereof ought to be made. Upon this report, and upon the answers of the several defendants to the bill of revivor and supplement, the cause was submitted to the chancellor for an order of reference to a master to report as to general liens, preparatory to a decree for a sale of the premises.

*D. Gardner,* for the complainants.

*C. M. Davis,* for Delinda Reynolds.

*G. R. Davis,* for Jane Reynolds, an infant.

*G. B. Kellogg,* for S. W. Reynolds, an infant.

*E. H. Kimball,* for the other defendants.

THE CHANCELLOR. No proceedings in this cause can be founded upon the report of the commissioners appointed in the original suit, for several reasons. The report was made during an abatement of the suit, and before the rights of the present parties had been ascertained. Besides, it is not correct practice to direct a sale, upon a report of the commission-

ers, after it has been ascertained upon a reference, and the report of a master, that an actual partition can be made; and where the commissioners have been appointed to make such partition in conformity to the decision of the master. If the situation of the property, or the rights of the parties therein, have materially changed subsequent to the report of the master, so that an actual partition thereof cannot be made, there should be a special application to the court for a new reference to a master to ascertain and report whether there can be a division of the property, as it now is, among the several parties, according to their rights as they exist at the time of such new reference; and for such further proceedings as may be necessary, in conformity to the provisions of the 178th rule of this court, if the master decides that a sale of the premises or any part thereof is necessary.

In this case, the rights of all the surviving parties have materially changed by the death of the original complainant; and several new parties, who are now interested in the property, are brought before the court by this bill of revivor and supplement, some of whom are infants. It is necessary, therefore, that the usual reference should be made, in conformity to the 177th rule, to take proof of the complainants' title and interest in the premises, and of the several matters set forth in the bill of revivor and supplement; and to ascertain and report as to the rights and interests of the present parties in the premises; and whether the premises or any part thereof are so circumstanced, in reference to the rights of the present parties therein, that a partition thereof cannot now be made. And if a sale is necessary, the master must report as to specific liens, previous to the reference as to general liens. The latter reference, however, may be obtained by an order of course under the 178th rule, upon the confirmation of the first report.

It may be proper here to remark, that the rights of the infant children of the two original defendants who are now dead, are not correctly stated in the bill. The whole of the original shares of the property, as derived by them from their respective fathers, is not liable to their mothers' claim of dower. Their grand-mother was seised of one-third of each

of those original shares, as tenant in dower, at the time of the death of their respective fathers. The fathers, therefore, were never seised of those thirds, so as to entitle their widows to dower therein. (*Dunham* v. *Osborn*, 1 *Paige's Rep.* 634.) The decree of this court, directing the complainants' dower to be set off to her, must be considered as an actual assignment in equity, so as to divest the seisin of her sons pro tanto, from the time of such decree. The master must report the rights of the parties accordingly.

The report of the commissioners must be set aside as irregular. And an order must be entered directing the suit to stand revived, and also directing the usual reference, as above stated, to take proof of the complainants' title, &c.